IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DONALD J. PECK, | )<br>) |
| Debtor. | )<br>) CHAPTER 7 |
| CHASE BANK USA, N.A., | )<br>) NO. 09-10560 |
| Plaintiff | )<br>) ADVERSARY PROCEEDING |
| v. | )<br>) NO. 09-01036 |
| DONALD J. PECK, | )<br>) |
| Defendant. | ) |

FILED
2009 JUN 29 PM 2:23
U.S. BANKRUPTCY COURT
AUGUSTA, GA
SAMUEL L. KAY, CLERK

## MOTION TO DISMISS

Comes the Defendant, by counsel, and moves the Court as follows:

1. To dismiss the action because the complaint fails to state a claim against Defendant upon which relief can be granted.

2. To dismiss the action because, in this Circuit, when the debt in question is the result of credit card use, a false representation can only be established if the debtor used the credit card after the issuer revoked it (*In re Roddenberry*, 701 F.2d 927 (11th Cir. 1983), and the complaint fails such revocation by the Plaintiff.

3. To dismiss the action because, although the complaint avers fraud on the part of the Defendant, it fails to allege the circumstances constituting the fraud with particularity as required by Fed. F. Civ. P. 9(b), made applicable in a bankruptcy case pursuant to Fed.F. Bankr.P. 7009.

4. To dismiss the action because, although the complaint avers fraud on the part of the Defendant, it fails to allege the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.

5. To dismiss the action because, although the complaint avers false pretenses and false representations on the part of the

1

Defendant, it fails to specify the contents of the pretenses or representations which are allegedly false.

6. To dismiss the action because, although the complaint alleges that the Defendant had no *objective* intent to repay ["the debts"], it fails to allege that Defendant lacked a *subjective* intent to repay such debts. More than conclusory allegations that a debtor lacked *objective* intent to repay a charge are required in order for a debt to be nondischargeable under section 523(a)(2)(A). Plaintiff must allege and establish that Defendant lacked the *subjective* intent to pay the charges incurred. *In Matter of Huynh*, Bankruptcy Case No. 07-10239-whd (Bankr.N.D.Ga. 2008).

7. To dismiss the prayer of the complaint insofar as it seeks relief in the form of attorney's fees, because, the complaint alleges no ground(s) for the award of such fees.

WHEREFORE, the defendant prays that the action be ordered dismissed, with fees and costs to the defendant.

Dated:  June 29, 2009



LEE RINGLER
Attorney for Defendant

Suite 200
808 Greene Street
Augusta, GA 30901
(706) 724-4000

CERTIFICATE OF SERVICE

I, Lee Ringler, counsel for the Defendant, do hereby certify that I have served a copy of the above and foregoing Motion upon the Plaintiff in said cause by mailing a true and correct copy thereof, with proper postage affixed, to its attorney of record, Elizabeth H. Parrott, Esq., at Post Office Box 23408, Nashville, TN 37202.

This June 29, 2009



LEE RINGLER